IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRYAN RICHARD HOWARD,

                     Plaintiff,

  v.

RAY RODGERS, DOUG WETTLAUFFER,
PAUL LEONHARD, ROGER CROOKS, and
KIMBERLY MAURELLI,[1]

                     Defendants.

OPINION & ORDER

16-cv-158-jdp

---

Pro se plaintiff Bryan Richard Howard is a prisoner in the custody of the Federal Bureau of Prisons, currently housed at the Oxford Federal Correctional Institution (FCI-Oxford) and formerly housed at the United States Penitentiary in Leavenworth, Kansas (USP-Leavenworth). Howard is proceeding on Eighth Amendment claims against defendants Rodgers, Wettlauffer, Leonhard, Crooks, and Maurelli related to Howard's sexual assault at USP-Leavenworth. Now defendants have moved to dismiss Howard's claims pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3) or, alternatively, to transfer this case to the United States District Court for the District of Kansas pursuant to 28 U.S.C. § 1404. Dkt. 22. Because venue is improper here, I will transfer Howard's case to Kansas.

ALLEGATIONS OF FACT

I have discussed Howard's allegations in previous orders. *See* Dkt. 10 and Dkt. 12. For purposes of defendants' motion to dismiss, it suffices to say that Howard alleges that a guard

---

[1] I have updated the caption with defendants' full names, per their motion papers.

at USP-Leavenworth, defendant Rodgers, sexually assaulted him, and that the remaining defendants failed to protect Howard. All underlying events took place as USP-Leavenworth.

ANALYSIS

Defendants contend that this court may not exercise personal jurisdiction over them because they do not have sufficient contacts with Wisconsin. They also contend that venue is not proper here. On a motion to dismiss for lack of personal jurisdiction, the court accepts all well-pleaded factual allegations in the plaintiff's complaint as true and resolves any factual disputes in his favor. *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012).

**A. Personal jurisdiction**

As the plaintiff, Howard must prove that this court may exercise personal jurisdiction over defendants. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997). Here, in response to defendants' motion, Howard bears the burden of making a prime facie showing of personal jurisdiction. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). In § 1983 suits, "personal jurisdiction issues are resolved under the laws of the state where the forum is located." *Kinslow v. Pullara*, 538 F.3d 687, 690 (7th Cir. 2008). In short, personal jurisdiction depends on whether defendants fall within the state's jurisdictional statute and "have sufficient 'minimum contacts' with [Wisconsin] such that the maintenance of the suit 'does not offend traditional notions of fair play and substantial justice.'" *Tamburo v. Dworkin*, 601 F.3d 693, 700-01 (7th Cir. 2010) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

I will not spend time discussing the more nuanced aspects of personal jurisdiction here because Howard does not allege *any* facts that indicate that this court may exercise personal

jurisdiction over defendants. Howard has not alleged any facts that indicate that defendants have had contacts with Wisconsin that "directly relate to the challenged conduct or transaction," i.e., specific personal jurisdiction, *id.* at 702, or that defendants have made continuous and systematic contacts with or are "essentially at home" in Wisconsin, i.e., general personal jurisdiction, *see, e.g.*, *Abelesz v. OTP Bank*, 692 F.3d 638, 654 (7th Cir. 2012). According to defendants, they all live and work in Kansas, and none have stepped foot in Wisconsin since long before the alleged assault took place, if at all. They do not own or lease any real or personal property in Wisconsin. They do not maintain Wisconsin telephone numbers or mailing addresses. They have no ties to Wisconsin sufficient to establish this court's personal jurisdiction over them, general or specific. And Howard offers no reason to conclude otherwise. The fact that Howard was transferred to Wisconsin since the underlying events at Leavenworth occurred does not change the analysis. *See, e.g.*, *Hoeller v. Village of Barrington*, 619 F. App'x 534, 535 (7th Cir. 2015) ("The only supposed contact between the village and Wisconsin that [plaintiff] (belatedly) identifies is his move to Wisconsin and his letter to the village saying he had moved there. But *his* 'unilateral activity' of moving to the forum state or contacting a non-resident defendant from there does not satisfy the requirement that the *village* have contact with the forum state."). Accordingly, I could dismiss Howard's claims for lack of personal jurisdiction, pursuant to Rule 12(b)(2).

**B. Venue**

For similar reasons, I could dismiss Howard's claims for improper venue, pursuant to Rule 12(b)(3). A civil action is properly venued in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a

3

> substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). The Western District of Wisconsin does not satisfy any of these options: none of the defendants reside here; none of the underlying events occurred here; and, regardless of the personal jurisdiction issue, it is not the case that *no* other district would be a proper venue (in fact, defendants concede that the District of Kansas is an appropriate venue). Venue is not proper here.

But under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Although this court may not exercise personal jurisdiction over defendants, it may still transfer the case if in the interest of justice. *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986) ("And under 1404(a) as under 1406(a), the transferring court need not have personal jurisdiction over the defendants."). I have already determined that Howard has stated Eighth Amendment claims against defendants, and defendants concede that venue is proper in the District of Kansas. Accordingly, rather than have Howard refile his claims there and incur a second filing fee, I will transfer his claims to the United States District Court for the District of Kansas.

Howard's response to defendants' motion to dismiss is short and to the point: he asks me to keep the case alive and in this district because he feels "very unsafe in Kansas" and was "treated very poorly" there. Dkt. 33, at 1. Let me be very clear: Howard's claims remain alive

and well, and I am transferring this *case* to Kansas; I am not transferring *Howard* to Kansas. Howard will continue to litigate the case from FCI-Oxford.

ORDER

IT IS ORDERED that defendants' motion to dismiss under Federal Rules 12(b)(2) and 12(b)(3) or, alternatively, to transfer venue under 28 U.S.C. § 1404, Dkt. 22, is GRANTED as to the transfer. This case is transferred to the United States District Court for the District of Kansas, pursuant to 28 U.S.C. § 1406(a)

Entered January 26, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge